PER CURIAM.
This appeal is by the plaintiff below from a summary final decree. The suit, for declaratory decree, involved rights of the parties with respect to an automobile which had been the subject of a series of transactions. The final decree entered by the Chancellor shows the facts, the legal questions involved and his disposition thereof. The decree was as follows:
"The motion of the plaintiff, Lowry of Florida, Inc., for summary judgment against the defendant, Coconut. Grove Bank, and the motion of the defendant, Coconut Grove Bank, for summary judgment against the plaintiff, Lowry •of Florida, Inc., and cross-defendant, Florida Auto Lease, Inc., both pursuant to Rule 1.36 of Florida Rules of Civil Procedure [30 F.S.A.], having been presented and argued, the Court finds as follows:
“1. On or about December 11, 1962, •the defendant, Florida Auto Lease, Inc., purchased the motor vehicle herein the subject matter of this action, to-wit: 1 — 1963 Grand Prix Pontiac, from Sunshine Pontiac, Inc., and on ■said date the defendant, Sloan Motors, Inc. and/or Florida Auto Lease, Inc., •delivered possession of said motor vehicle to the plaintiff, Lowry of Florida, Inc., who paid for said motor vehicle by checks payable to the order of Sloan .Motors and endorsed by Sloan Motors of Coral Gables, Inc., and Florida Auto Lease, Inc.
“2. Said plaintiff obtained from Sloan Motors a bill of sale to said motor vehicle but failed to comply with Section 319.21, Florida Statutes [F.S. A.], in that it failed to acquire from Sloan Motors a manufacturer’s statement of origin to said motor vehicle. Said plaintiff relied solely upon Sloan Motors to secure for it a certificate of title to said motor vehicle and took no action nor made any inquiry concerning the certificate of title until on or about May 3, 1963.
“3. The manufacturer’s statement of origin to said motor vehicle was issued on December 3, 1962, by the Pontiac Motors Division, General Motors Corporation, to Sunshine Pontiac, Inc. On December 12, 1962, Sunshine Pontiac assigned said manufacturer’s statement of origin to the defendant, Florida Auto Lease.
“4. On December 12, 1962, the defendant, Florida Auto Lease, applied for a certificate of title to the motor vehicle in question through M.A.D.A. Auto Tag Agency and on January 23, 1963, a certificate of title to said motor vehicle was issued to the defendant, Florida Auto Lease, by the Motor Vehicle Commissioner of the State of Florida.
“5. On January 23, 1963, the defendant, Florida Auto Lease, Inc., representing itself as purchaser of said motor vehicle from the defendant, Octagon Corp., executed what purported to be a conditional sales agreement of said motor vehicle; said instrument was assigned to Coconut Grove Bank by the defendant, Octagon Corp., on January 23, 1963.
“6. On January 23, 1963, Florida Auto Lease, Inc. executed a notice of lien to the Motor Vehicle Commissioner designating Coconut Grove Bank as *863 a lienholder against said motor vehicle. On January 23, 1963, the defendant, Trail Auto Tag Agency, issued its receipt to the defendant, Florida Auto Lease, Inc., for funds to record the lien in favor of Coconut Grove Bank against said motor vehicle.
“7. On January 23, 1963, Coconut Grove Bank, upon receipt of a lienholder’s copy of the aforementioned receipt issued by the defendant, Trail Auto Tag Agency, and the aforementioned conditional sales agreement executed by the defendant, Florida Auto Lease, Inc., as a purchaser, did advance, for the account of Florida Auto Lease, Inc., the sum of $3,807.80.
“8. On March 11, 1963, the Motor Vehicle Commissioner of the State of Florida issued a new certificate of title to said motor vehicle in which the defendant, Florida Auto Lease, is named as registered owner and Coconut Grove Bank as first lienholder.
“9. That said certificate of title was received by Coconut Grove Bank from the Motor Vehicle Commissioner and Coconut Grove Bank presently holds said certificate of title in its possession.
“10. That Coconut Grove Bank had no knowledge of any interest of the plaintiff in said motor vehicle prior to the time of disbursement of funds by it on January 23, 1963, nor prior to the date the certificate of title was issued on March 23, 1963.
“11. The Coconut Grove Bank made demand upon the plaintiff, Lowry of Florida, Inc., prior to August 1, 1963, for said motor vehicle.
“12. That the defendant, Florida Auto Lease, Inc., has no interest in said motor vehicle.
“13. Although the amount which would be due Coconut Grove Bank under the terms of the agreement executed by the defendant, Florida Auto Lease, would be the sum of $4,185.90,. as of October 25, 1964, the maximum amount for which Lowry of Florida,. Inc. could be held responsible would be $4,000.00, the said plaintiff and defendant, Coconut Grove Bank, having by stipulation agreed that this was the true cash value of said motor vehicle as of August 1, 1963.
“14. That there is no genuine issue as to any material fact and that the defendant, Coconut Grove Bank, is entitled to a summary judgment as a matter of law against the plaintiff, Lowry of Florida, Inc., on its counterclaim-against said plaintiff and against the defendant, Florida Auto Lease, Inc.,, on its crossclaim against said defendant.
“It is, therefore, Ordered, Adjudged’, and Decreed, as follows:
“1. The motion of the plaintiff,. Lowry of Florida, Inc., for summary judgment be and the same is hereby denied.
“2. The motion of the defendant,. Coconut Grove Bank, for summary-judgment on its counterclaim against, the plaintiff, Lowry of Florida, Inc., and its crossclaim against the defendant, Florida Auto Lease, Inc., be and the same is hereby granted.
“3. That Coconut Grove Bank has-a valid lien in the amount of $4,000.00' against the following described property, to-wit:
1 — 1963 Grand Prix Pontiac
Identification no. 963 D 10818. being the motor vehicle herein the subject matter of this action and the lien, of the defendant, Coconut Grove Bank,, against said property is prior, superior and paramount to the rights, claims and interests of the plaintiff, Lowry of Florida, Inc., and of all persons claiming by, through or under it.”
*864 The chancellor then proceeded to order enforcement of the lien of Coconut Grove Bank, and retained jurisdiction for further necessary orders.
We have considered, in light of the record and briefs, the contention of appellant that it acquired a title to the automobile not subject to lien claimed by Coconut Grove Bank, and find appellant’s contention to be without merit. We agree with the holding and conclusions arrived at by the able chancellor. Whereupon, no reversible error having been shown, the decree appealed from is affirmed.
Affirmed.